*Dunn v. Commissioner of Social Security*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand twenty.

PRESENT:
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

NICOLE L. DUNN,

> *Plaintiff-Appellant,*

v.                                                                  No. 19-2653

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

_____

**For Appellant:**                    PAULINE T. MUTO (Timothy W. Hoover, *on the brief*), Hodgson Russ LLP, Buffalo, NY.

**For Appellee:**                                    JASON P. PECK, Special Assistant United States Attorney (Ellen E. Sovern, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Plaintiff-Appellant Nicole Dunn appeals from a judgment of the district court dismissing her challenge to an administrative law judge's denial of her claim for Social Security benefits because she failed to exhaust her administrative remedies before seeking federal judicial review. In the district court, Defendant-Appellee Commissioner of Social Security moved to dismiss Dunn's challenge pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the ground that Dunn had not received a final decision from the agency. The district court granted the motion in light of Dunn's failure to exhaust but did not indicate whether dismissal was pursuant to Rule 12(b)(1) or 12(b)(6). On appeal, Dunn argues that the district court considered materials outside the pleadings – namely,

documents from the administrative record attached via declaration to the Commissioner's motion – and implicitly converted the motion to dismiss into one for summary judgment, while failing to give Dunn notice of the conversion and of the nature and consequences of summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We review *de novo* a district court's dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). The same standard of review applies to grants of summary judgment. *Fischer v. Forrest*, 968 F.3d 216, 219 (2d Cir. 2020). Moreover, we have noted in other statutory contexts that *de novo* review is appropriate for dismissals based on a failure to exhaust administrative remedies, even where the district court has not expressly articulated "whether such motion is properly brought for failure to state a claim, lack of subject matter jurisdiction, or on some other procedural basis." *Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 105 (2d Cir. 2005).

As a preliminary matter, we construe the district court's decision to dismiss as falling under Rule 12(b)(6) rather than Rule 12(b)(1). This is because the failure to obtain a final decision is a waivable – and thus non-jurisdictional – requirement

3

under 42 U.S.C. § 405(g). *See Smith v. Berryhill*, 139 S. Ct. 1765, 1773–74 (2019) (explaining that, unlike the section's jurisdictional requirement that claims be presented to the agency, the requirement that a claimant exhaust administrative remedies generally prescribed by the agency is waivable); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that subject matter jurisdiction "can never be forfeited or waived" (internal quotation marks omitted)).

Dunn argues that the district court necessarily converted the Commissioner's Rule 12(b)(6) dismissal motion into a summary judgment motion because it considered materials outside the pleadings. *See* Dunn's Br. at 1, 11–12. But a district court may consider certain materials on a motion to dismiss, including documents attached to the pleading or incorporated by reference, which are "deemed part of the pleading." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Moreover, "reversal for lack of conversion is not required unless there is reason to believe that . . . extrinsic evidence actually affected the district court's decision and thus was not at least implicitly excluded." *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir.1991) (stating that where a reference to a fact outside the pleadings was "not a ground for the decision" it did "not run afoul of the rule that a district court must

4

confine itself to the four corners of the complaint when deciding a motion to dismiss under Rule 12(b)(6)").

Here, the district court did not need to rely on any materials other than Dunn's pleading – a one-page "Form Complaint for Appeal of a Decision by the Commissioner of Social Security" with an attachment – to determine that she failed to exhaust her administrative remedies. Although the form document she submitted contained boilerplate language indicating that she appealed from a "final decision," Dunn failed to attach a final decision. In fact, the only document she did attach – a letter from the Appeals Council indicating that her claim was still under review – supported the clear inference that Dunn had *not* exhausted her remedies. While the district court's order made one passing reference to the Commissioner's declaration for the proposition that Dunn had not received a final decision, there is little "reason to believe that [such] evidence actually affected" the outcome. *Amaker*, 179 F.3d at 51. After all, Dunn's lack of exhaustion was apparent from her own submission, and she did not appear to contest that point. *See id.* at 50 (explaining that this Court "strictly enforce[s] the conversion requirement . . . where there is a *legitimate* possibility that the district court relied on inappropriate material" and noting that this Court has reversed dismissal where the district court relied on information "contained *only*" in extrinsic

5

materials (emphasis added)).   And Dunn presented no facts in her pleadings to suggest that waiver of the exhaustion requirement was warranted.   Because the district court could properly dismiss under Rule 12(b)(6) on the face of Dunn's pleadings without considering the administrative record, it was not required to convert the motion, nor did it purport to do so.   Thus, the district court did not need to provide notice of conversion or inform Dunn of the nature and consequences of summary judgment.

We have considered all of Dunn's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court